UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOYCE O'DONNELL, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) No. 1:23-cv-01702-SEB-TAB |
| | ) |
| EMBASSY SUITES MANAGEMENT, LLC, et al. | ) |
| | ) |
|     Defendants. | ) |

**ORDER ON MAY 6, 2024, TELEPHONIC STATUS CONFERENCE**

This case continues to be plagued by needless and distracting discovery-related disagreements. When counsel appeared before this Court on October 19, 2023, and were unnecessarily at odds with each other, the Court stated it would not tolerate incivility or a lack of cooperation among counsel. The Court directed counsel to review and abide by the Standards for Professional Conduct Within the Seventh Circuit. The Court presumes defense counsel reviewed these standards as ordered, but despite doing so neglected to heed Standard 21 of Lawyers' Duties to Other Counsel, which states, "We will not obstruct questioning during a deposition or object to deposition questions unless necessary under the applicable rules to preserve an objection or privilege for resolution by the Court."

On May 6, 2024, the Court conducted a telephonic status conference to address concerns raised by Plaintiff's counsel, Mandy Grace, regarding the conduct of defense counsel Peter Ney and Catherine Breitweiser-Hurst at the April 16, 2024, deposition of David Applegate. Grace alleged defense counsel engaged in intentionally obstructionist behavior during Applegate's deposition by continuously interrupting the proceedings with an excessive and unnecessary amount of objections and inappropriate commentary. In response, Ney claimed Grace's statements to the Court were incomplete and misleading.

In preparation for the status conference, the Court reviewed the transcript of Applegate's deposition. The Court agrees that Ney's conduct, and to a significantly lesser extent Breitweiser-

Hurst's conduct, was inappropriate and contrary to the previously referenced standard of conduct. Ney repeatedly interjected inappropriate and needless objections, made speaking objections, and ultimately informed Grace that the allotted time for the deposition (no agreement here either—Grace claims it was an hour and Ney says it was only 30 minutes) had expired. Regardless of whether the purported agreement was for 30 minutes or an hour, defense counsel's repeated, inappropriate objections took up a significant amount of time and otherwise disrupted Grace's attempts to timely complete the deposition.

As a result, the Court asked Grace what relief she was requesting. The Court was willing to order the Applegate deposition to reconvene, and even order Ney to incur the cost of doing so. However, that was not the relief Grace requested. Instead, Grace requested to take the deposition of Charles Marshall, who she believes would be better able to provide the information she sought from Applegate. The problem with this request is that, as set forth in this Court's March 25, 2024, order [Filing No. 55], Plaintiff made no effort to schedule a slew of depositions until three days before the close of discovery. Nevertheless, at that time the Court extended the discovery deadline and permitted Plaintiff to take three depositions. Applegate was the third deposition. Plaintiff's counsel agreed to depose Applegate and there was no contemporaneous discussion about deposing Marshall. Deposing Applegate made sense given that he signed Defendant TK Elevator Corporation's interrogatory responses and, as his deposition transcript reveals, he was able to answer many of Grace's deposition questions (at least when Ney would allow him to do so). So while the Court was amenable to providing Plaintiff relief to address defense counsel's conduct during the deposition, requiring Marshall to be deposed is not a remedy that meaningfully relates to the deposition misconduct.

Date: 5/7/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

Michael P. McCready
MCCREADY, GARCIA & LEET, P.C.
10008 S. Western Avenue
Chicago, IL 60643